IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AON PLC and AON GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INFINITE EQUITY, INC., TERRY ADAMSON, JON BURG, DANIEL COLEMAN, ELIZABETH STOUDT, and TYLER EVANS, <br><br> Defendants. | NO. 1:19-CV-7504 <br> Hon. Martha M. Pacold |

## CONSENT ORDER

This matter coming before the Court on Plaintiffs' Motion for Temporary Restraining Order, with notice being given, and the Court being advised that the Plaintiffs (Collectively, "Plaintiffs" or "Aon") and Defendants Infinite Equity, Inc. ("Infinite Equity"), Jon Burg, Daniel Coleman, Elizabeth Stoudt, and Tyler Evans (collectively, "Consent Defendants") have agreed on the terms of a Consent Order:

WHEREAS, on November 13, 2019, Plaintiffs filed a lawsuit against Consent Defendants and Terry Adamson in the United States District Court for the Northern District of Illinois in the above-captioned case;

WHEREAS, on January 2, 2020, Plaintiffs filed a motion for a Temporary Restraining Order seeking to enjoin Consent Defendants from engaging in certain conduct, and a motion for expedited discovery seeking, among other things, a forensic inspection of MyPerformanceAwards;

WHEREAS, on January 6, 2020, Consent Defendants filed a response in opposition to Plaintiffs' motion for a Temporary Restraining Order and Plaintiffs' motion for expedited discovery;

WHEREAS, Plaintiffs and Consent Defendants have agreed that the terms of this Consent Order will remain in place for 90 days from the date of entry of this Consent Order, or until further order of this Court, while Plaintiffs and Consent Defendants complete mutual expedited discovery and a forensic inspection of MyPerformanceAwards and *PeerTracker*; the Court hereby enters the following Consent Order:

1. Consent Defendants (and anyone acting in concert with them, including all employees of Infinite Equity) are enjoined and prohibited from directly or indirectly, soliciting, inducing, or hiring, or causing any person or other entity to solicit, induce, or hire, any employee of Aon to work for Consent Defendants, or for any third party or entity, or to leave the employ of Aon.

2. Consent Defendants (and anyone acting in concert with them, including all employees of Infinite Equity) are enjoined and prohibited from disclosing or using any Aon trade secrets, confidential, or proprietary information. Such information includes, without limitation, lists of clients and prospective clients; contract terms and conditions; client information relating to services, insurance, benefits programs, employees, finances, and compensation; copyrighted materials; corporate, management, and business plans and strategies; compensation and revenues; methods and strategies of marketing; market research and data; technical know-how; computer software and manuals; policies and procedures; and the conduct of the affairs of Aon (collectively, "Confidential Information"). Confidential Information includes, without limitation, all nonpublic information pertaining to *PeerTracker*, as well as the simulation models referenced in the Verified Complaint. Within five days of entry of this Consent Order, Consent Defendants will return any Confidential Information in their possession, custody or control to Aon, and will submit sworn declarations to Aon affirming that they have no Confidential Information in their possession,

custody, or control, and that if such Confidential Information is later discovered to be inadvertently in their possession, custody, or control, that they will disclose this fact to Aon and immediately return same to Aon.

3. Consent Defendants and Aon must preserve any computers, devices, e-mail accounts, messaging applications, or cloud storage used by Consent Defendants, as well as all evidence relevant to the facts and circumstances alleged in Plaintiffs' Verified Complaint and motion for a Temporary Restraining Order.

4. Consent Defendants shall submit sworn declarations to Aon affirming, representing, and warranting that: (a) they are not doing business with any Aon Clients other than those Aon Clients identified by Consent Defendants in the list provided to Aon's counsel on January 26, 2020, which consists of 49 clients (the "Transferred Client List"); (b) that all of the clients on the Transferred Client List are, as of January 26, 2020, doing some business with Infinite Equity; and (c) that Consent Defendants are not doing business with any other Aon Clients as of the date of the Consent Order other than those identified on the Transferred Client List. "Aon Clients" is defined to mean all clients on the list provided by Aon on January 27, 2020 (the "Aon Client List").

5. Consent Defendants (and anyone acting in concert with them, including all employees of Infinite Equity) are enjoined and prohibited from directly or indirectly calling upon or soliciting any business of the same type or kind as the business performed by Aon from or with respect to any Aon Clients listed on the Aon Client List, except this Paragraph does not restrict Consent Defendants from accepting, engaging in, servicing or performing business for Aon Clients on the Transferred Client List, or the list of Clients Consent Defendants Are Not Enjoined From Accepting.

6. Consent Defendants (and anyone acting in concert with them, including all employees of Infinite Equity) are also enjoined and prohibited from directly or indirectly accepting, engaging in, servicing or performing any business of the same type or kind as the business performed by Aon from or with respect to the Non-Acceptance Clients. This Paragraph does not restrict Consent Defendants from accepting, engaging in, servicing, or performing any business for Aon Clients on the Transferred Client List, or the list of Clients Consent Defendants Are Not Enjoined From Accepting. The "Non-Acceptance Clients" is defined to mean all clients on the list provided by Aon on January 27, 2020 (the "Non-Accept Client List").

7. Aon reserves all rights and remedies as to all Aon Clients, including the Aon Clients on the Transferred Client List, and those clients that are not included on the Non-Accept Client List, and nothing in the Consent Order shall be deemed to restrict Aon's rights or remedies to seek damages with respect to any Aon Client or to seek injunctive relief related to any Aon Client upon the expiration of this Consent Order and Consent Defendants reserve their rights to defend against such claims.

8. This Consent Order will remain in place for 90 days from the date of entry of this Consent Order, or until further order of the Court. This Consent Order is not intended to be, nor should it be construed as, a waiver of any procedural or substantive objections, claims, or defenses available to Plaintiffs or Consent Defendants, other than those specifically stated in this Consent Order. Plaintiffs and Consent Defendants do not waive, and explicitly reserve all rights and remedies with respect to all claims and defenses in this matter.

SO ORDERED.

This the 29th day of January, 2020.

_____
Hon. Martha M. Pacold