IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AON PLC and AON GROUP, INC., **Plaintiffs,** vs. INFINITE EQUITY, INC., TERRY ADAMSON, JON BURG, DANIEL COLEMAN, ELIZABETH STOUDT, and TYLER EVANS, **Defendants.** | CASE NO. 1:19-cv-07504 Hon. Martha M. Pacold Hon. Sunil R. Harjani |

### ORDER

It is ORDERED:

1. <u>Written Discovery and Document Production</u>.

    a. As between Plaintiffs and Consent Defendants[1]: (i) Plaintiffs, collectively, shall be limited to 10 interrogatories and 10 requests for production, and (ii) Consent Defendants, collectively, shall be limited to 30 interrogatories and 30 requests for production. Plaintiffs, collectively, shall be limited to 20 requests for admission, and Consent Defendants, collectively, shall be limited to 20 requests for admission.

    b. As between Plaintiffs and Adamson: (i) Plaintiffs, collectively, shall be limited to 5 interrogatories, 5 requests for production, and 5 requests for admission; and (ii) Adamson shall be limited to 5 interrogatories, 5 requests for production, and 5 requests for admission.

    c. All interrogatories, requests for production, and requests for admission shall be answered individually by each Defendant and each Plaintiff; provided, however, that the Parties may format responses as appropriate.

---

[1] Infinite Equity, Inc., Jon Burg, Daniel Coleman, Elizabeth Stoudt, and Tyler Evans are referred to herein as "Consent Defendants."

    d. Responses to any written discovery served as of the date of this Order are due on or before **March 11, 2020**. Responses to any written discovery served after the date of this Order are due within 14 days of receipt.

    e. Document production to be completed by **March 20, 2020**. Documents produced in response to any written discovery served after the date of this Order are due within 21 days of receipt of said written discovery.

2. <u>Depositions</u>.

    a. All fact depositions shall be completed on or before **May 6, 2020**.

    b. Plaintiffs, collectively, are entitled to seven (7) fact witness depositions. Three (3) of the seven (7) depositions shall be no more than four (4) hours in length. Four (4) of the seven (7) depositions shall be no more than seven (7) hours in length.

    c. Consent Defendants, collectively, are entitled to seven (7) fact witness depositions. Three (3) of the seven (7) depositions shall be no more than four (4) hours in length. Four (4) of the seven (7) depositions shall be no more than seven (7) hours in length.

    d. Third-party subpoenas may only be issued with leave of Court.

3. <u>Expert Discovery</u>.

    a. Plaintiffs must make any expert disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **April 10, 2020**.

    b. Consent Defendants deadline to serve any responsive report is **May 1, 2020.**

    c. Expert depositions shall be completed on or before **May 15, 2020**.

4. <u>Forensic Review of *MyPerformanceAwards* and *PeerTracker*</u>.

    a. Plaintiffs and Consent Defendants may each retain the services of an independent expert qualified in forensic analysis of source code to conduct forensic analysis of *MyPerformanceAwards* and *PeerTracker*.

    b. Within ten (10) business days of entry of this Stipulation, Consent Defendants will make available for inspection to Plaintiffs' designated forensic expert the following for the relevant time period: all iterations and versions of the *MyPerformanceAwards* source code; the source code control system metadata (revision control system metadata). The relevant time period is **June 2019 to the present**.

    c. Within ten (10) business days of entry of this Stipulation, Plaintiffs will make available for inspection to Consent Defendants' designated forensic expert the following for the relevant time period: all iterations and versions of the *PeerTracker* source code; the source code control system metadata (revision control system metadata). The relevant time period is **June 2019 to the present**.

    d. The source code material for *MyPerformanceAwards* and *PeerTracker* may be designated ATTORNEYS-EYES ONLY-SOURCE CODE and afforded all of the protections afforded ATTORNEYS-EYES ONLY materials under the parties' Confidentiality Agreement, except materials marked ATTORNEYS-EYES ONLY-SOURCE CODE may also be disclosed to one party representative for the Consent Defendants and one party representative for Plaintiffs. The party representatives shall be bound by the Confidentiality Agreement in this case and this Order.

    e. Any source code material produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched. Source code material will be produced through secure means. The receiving party shall maintain all paper copies of any printed portions of the source code material in a secured, locked area. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. The receiving party shall maintain a record of any individual who has received or reviewed any portion of the source code material in electronic or paper form. At the conclusion of the litigation, the receiving party will return the source code material to the producing party via secure means along with an affidavit by each person who received or reviewed the source code material declaring under oath that they did not copy, retain a copy, summarize or otherwise duplicate any portion of the source code material, and did not and will not disclose it to anyone else or use it for any purpose other than this forensic review. The parties will confer on a protocol for any additional requirements concerning the exchange of the source code materials as soon as practicable after the submission of this Order.

    f. Each party shall bear the costs of its/their own experts subject to any future remedies to be ordered by the Court.

5. <u>Preliminary Injunction</u>. Briefing schedule for Plaintiffs' anticipated motion for a preliminary injunction:

    a. Plaintiffs' moving brief: **May 22, 2020**

    b. Consent Defendants' opposition: **June 12, 2020**

    c. Plaintiffs' reply**: June 22, 2020**

    d. The parties agree to request a hearing date, subject to the Court's availability, on or after **June 22, 2020**.

6. Time period between expiration of Consent Order and preliminary injunction hearing:

    During the time period after the Consent Order expires, and before the preliminary injunction hearing, any issues that arise as a result of the expiration of the Consent Order will be addressed at the preliminary injunction hearing. The expectation is that Plaintiff will not move the Court for a temporary restraining order during this time, although they reserve the right to do so if unexpected exigent circumstances arise. This is because the Court has not closed fact and expert discovery before the expiration of the Consent Order on the representation that Plaintiff was unable to complete the fact and expert discovery for purposes of the preliminary injunction hearing prior to the expiration of the Consent Order.

7. Briefing schedule for Consent Defendants' motion to dismiss:

    a. Plaintiffs' opposition: **March 16, 2020.**

    b. Consent Defendants' reply: **March 23, 2020**.

SO ORDERED

This the 25th day of February, 2020.

_____

Hon. Sunil R. Harjani