# Exhibit A

| **From:** | Pizzutelli, Jessica <JPizzutelli@littler.com> |
|---|---|
| **Sent:** | Friday, March 13, 2020 8:57 AM |
| **To:** | Lepore, Christopher (CHI) |
| **Cc:** | Witz, James; Boji, Jeannil D. (CHI) |
| **Subject:** | RE: Aon v. IE, et al. |

Thanks, Chris. To confirm, the Illinois/California response deadlines are March 30, 2020. The new discovery schedule is now:

| Written discovery responses and document production deadline | Was March 20, 2020, is now April 3, 2020. |
|---|---|
| Deadline for fact depositions to be completed | Was May 6, 2020, is now May 20, 2020. |
| Plaintiffs' expert disclosure deadline | Was April 10, 2020, is now April 24, 2020. |
| Consent Defendants' responsive expert report deadline | Was May 1, 2020, is now May 15, 2020. |
| Expert depositions deadline | Was May 15, 2020, is now May 29, 2020. |
| Plaintiffs' moving brief for PI | Was May 22, 2020, is now June 11, 2020 . |
| Consent Defendants' opposition brief | Was June 12, 2020, is now July 3, 2020. |
| Plaintiffs' reply brief | Was June 22, 2020, is now July 13, 2020. |
| PI hearing date, subject to Court's availability | Was on or after June 22, 2020, is now on or after July 13, 2020. |

Please let me know if you disagree with any of the above.

Jessica

**Jessica Pizzutelli**
Shareholder
585.203.3403 direct, 585.957.4293 mobile, 585.486.1605 fax
JPizzutelli@littler.com

Preferred Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
375 Woodcliff Drive, Suite 2D, Fairport, NY 14450

**From:** Lepore, Christopher (Perkins Coie) <CLepore@perkinscoie.com>
**Sent:** Thursday, March 12, 2020 12:46 AM
**To:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (Perkins Coie) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Jessica,

1

Two weeks for all discovery dates and three weeks for the PI hearing is fine. March 30th is fine for the California response date.

Thanks,
Chris

**Christopher Lepore** | **Perkins Coie LLP**
ASSOCIATE
131 S. Dearborn Street Suite 1700
Chicago, IL 60603-5559
D. +1.312.324.8476
F. +1.312.324.9400
E. CLepore@perkinscoie.com

**From:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Sent:** Wednesday, March 11, 2020 4:56 PM
**To:** Lepore, Christopher (CHI) <CLepore@perkinscoie.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (CHI) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Chris – thanks. How about 2 weeks for the discovery dates and three weeks for the PI hearing? Also, we would like to synch the California response deadline with the Illinois deadline, so that the California response is also due March 30, 2020. Please let me know and, as always, Plaintiffs continue to reserve all rights.

Regarding the source code, it looks like the Confidentiality Order entered by Judge Kress does not have Judge Harjani's change. We will inquire with the Court. We are also working on preparing the source code for production to you, but the file is massive so it is taking a long time to download. If we can get it out to you tonight we will do so, but it may not be until tomorrow morning given the size of the production and the download time.

Thanks,
Jessica

**Jessica Pizzutelli**
Shareholder
585.203.3403 direct, 585.957.4293 mobile, 585.486.1605 fax
JPizzutelli@littler.com

Preferred Pronouns: She/Her



Fueled by Ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
375 Woodcliff Drive, Suite 2D, Fairport, NY 14450

**From:** Lepore, Christopher (Perkins Coie) <CLepore@perkinscoie.com>
**Sent:** Wednesday, March 11, 2020 3:21 PM
**To:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (Perkins Coie) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Jessica,

I will consult with Jeannil on your proposal. I would just preliminarily note that this proposal puts the hearing date on or after the Monday following the Fourth of July weekend (July 6), which will likely create a series of conflicts for all parties involved. Please let me know if that changes your position.

Thank you,
Chris

**Christopher Lepore** | **Perkins Coie LLP**
ASSOCIATE
131 S. Dearborn Street Suite 1700
Chicago, IL 60603-5559
D. +1.312.324.8476
F. +1.312.324.9400
E. CLepore@perkinscoie.com

---

**From:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Sent:** Wednesday, March 11, 2020 2:06 PM
**To:** Lepore, Christopher (CHI) <CLepore@perkinscoie.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (CHI) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Chris,

Thank you for your agreement regarding the extension, and we agree that Consent Defendants may have a reciprocal extension until April 20, 2020. Respecting the PI/discovery schedule, we do not see the motion schedule as impacting the PI/discovery schedule, but in an effort to compromise, we are fine moving the PI hearing by at least two weeks, as well as moving back discovery dates by two weeks as well. Please let us know if this is an issue.

Jessica

**Jessica Pizzutelli**
Shareholder
585.203.3403 direct, 585.957.4293 mobile, 585.486.1605 fax
JPizzutelli@littler.com

Preferred Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
375 Woodcliff Drive, Suite 2D, Fairport, NY 14450

**From:** Lepore, Christopher (Perkins Coie) <CLepore@perkinscoie.com>
**Sent:** Tuesday, March 10, 2020 10:50 PM
**To:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (Perkins Coie) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Jessica,

Our last proposal reflects a significant effort to extend a professional courtesy under the circumstances (especially since we had already planned several commitments around the current briefing schedule), and we always aim to do so where we can.

As we noted in our previous emails, our concern is not only that we will be out of pocket for portions of the new proposed reply schedule (given that we planned according to the current schedule), but also that any delay in the briefing schedule will materially prejudice our clients. Indeed, if we agree to extend the briefing schedule any further, the Court will have far less time to consider our motions to dismiss, including the threshold jurisdictional issues and dispositive arguments raised therein, in advance of the preliminary injunction hearing.  To address these concerns while still extending the courtesy of an extension, we will propose one final compromise offer.  We can agree to the two-week extension (which will set Plaintiffs' response date as **March 30, 2020**) if we can have a reciprocal extension on our replies until **April 20, 2020** (in light of our previously mentioned commitments). Given that this will extend the briefing schedule three weeks beyond our initial compromise proposal, we would request that the date of the preliminary injunction hearing be moved back at least **three weeks** so that the Court has the same amount of time to consider our motions to dismiss before the hearing.  Our understanding is that the current week in the Expedited Discovery Order (on or after June 22, 2020) does not work well for Plaintiffs anyway. And if Plaintiffs are amenable to this proposal, we would propose similarly moving back all discovery dates **three weeks**. Please let us know if this works.

Although we are prepared to exchange the source code today under the anticipated terms of the confidentiality stipulation, we will agree to wait to do so until the Court enters the confidentiality stipulation.

Lastly, we direct Plaintiffs to the February 19th teleconference before Judge Harjani for the relevant colloquy and Court order on the subject of the Aon client lists.

Best,
Chris


**Christopher Lepore** | **Perkins Coie LLP**
ASSOCIATE
131 S. Dearborn Street Suite 1700
Chicago, IL 60603-5559
D. +1.312.324.8476
F. +1.312.324.9400
E. CLepore@perkinscoie.com

---

**From:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Sent:** Tuesday, March 10, 2020 12:54 PM
**To:** Lepore, Christopher (CHI) <CLepore@perkinscoie.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (CHI) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Chris,

We are disappointed by your email.  We thought, after we consented to your request to withdraw Burg's initial motion to dismiss, and also agreed to give your side an extension of time to file your motion (not knowing at the time it would be three separate motions), that reciprocal professional courtesies would be extended going forward.  Instead, it appears based on your email the opposite is true.  If, based on your schedule and the two week extension, you need more time to file reply briefs, then we are willing to provide you with more time as well, so this should not be an impediment.  If you do not intend to grant the reasonable extension we have requested or extend other traditional professional courtesies, we need to know this now so that we can proceed accordingly, including in the future when your side might also request brief extensions.  I hope that we can work together, and that Defendants will agree to the two week extension we have requested so that we do not need to seek Court intervention over this scheduling issue.  As noted, we are happy to give you an additional week or two as well (so that Defendants have two to three additional

4

weeks) given your stated scheduling issues. Please let me know by the end of the day, as we need to file our motion for extension of time by then.

We will file the confidentiality order today. I assume both sides will not exchange source code until the order is entered. Please let me know if you have a different understanding.

Respecting the client list, as noted, we do not consent to any of your clients possessing the AEO client list after the Consent Order expires. If you have a copy of the Court order where you claim the Court held to the contrary, please send it to me. If your clients refuse to return the client list after the Consent Order expires, we will move the Court for appropriate relief.

Jessica

**Jessica Pizzutelli**
Shareholder
585.203.3403 direct, 585.957.4293 mobile, 585.486.1605 fax
JPizzutelli@littler.com

Preferred Pronouns: She/Her



Fueled by Ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
375 Woodcliff Drive, Suite 2D, Fairport, NY 14450

**From:** Lepore, Christopher (Perkins Coie) <CLepore@perkinscoie.com>
**Sent:** Tuesday, March 10, 2020 10:38 AM
**To:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (Perkins Coie) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Jessica,

As to the first point, if Plaintiffs are still going to seek judicial intervention for an additional week, we can no longer agree to the extension and will oppose it in its entirety. As I noted, we planned our schedules around the initial briefing schedule, and our proposed compromise was our best effort to provide an accommodation under the circumstances. The additional week puts us into a week when we have even less availability, and we simply cannot push back briefing of this motion any further given the reasons discussed in our prior communications.

Next, please feel free to make that change and file the confidentiality order.

As for the client list, Jim agreed during our telephonic hearing to allow Burg, Stoudt, Evans and Coleman to use and access the client lists for purposes of full discovery even after expiration of the consent order, and our understanding is that stands as a Court order. We will proceed on the basis of that Court order. We recommend that Plaintiffs seek judicial intervention prior to the expiration of the Consent Order if they wish to seek a modification or clarification of that Order.

Best,
Chris

**Christopher Lepore | Perkins Coie LLP**
ASSOCIATE
131 S. Dearborn Street Suite 1700
Chicago, IL 60603-5559
D. +1.312.324.8476
F. +1.312.324.9400
E. CLepore@perkinscoie.com

---

**From:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Sent:** Monday, March 9, 2020 2:09 PM
**To:** Lepore, Christopher (CHI) <CLepore@perkinscoie.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (CHI) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Chris,

Please see my responses below.

Best,
Jessica

Jessica Pizzutelli
Shareholder
585.203.3403 direct, 585.957.4293 mobile, 585.486.1605 fax
JPizzutelli@littler.com

Preferred Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
375 Woodcliff Drive, Suite 2D, Fairport, NY 14450

---

**From:** Lepore, Christopher (Perkins Coie) <CLepore@perkinscoie.com>
**Sent:** Friday, March 6, 2020 4:43 PM
**To:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (Perkins Coie) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Hi Jessica,

As to your request for an extension of time to respond to the MTD: While we always aim to extend professional courtesies where possible, we have already planned around the current schedule (which was the subject of much consideration among the parties) and have further concerns that the proposed extension would materially prejudice our clients, particularly because there are threshold jurisdictional issues that need to be decided, and we have an obligation to our clients to ensure the Court has sufficient time to consider whether to narrow the case in advance of the preliminary injunction hearing. That is why we filed the motions to dismiss within three weeks of our first appearance on the case and allotted ourselves only a week to file replies. And, as you will recall, we already agreed to extend our original proposed schedule (of 14 days for Plaintiffs to oppose, and 7 days for Defendants to reply) by a week. We also planned our schedules around this very tight time period for our reply brief (which we agreed to because it is so important to our client that the motion be briefed and decided ASAP), and kept that week as clear as possible for that

6

reason. Extending the schedule as you propose would hurt our client and also not work with our schedules give that we have other obligations that would take us away from this matter during our very short reply period. Nevertheless, we want to work with you as much as possible on this, so as a compromise and our best effort to extend a courtesy under the circumstances, we are willing to agree to an extension of **one week**, provided that we, too, can have an additional week to reply (as we will be out of pocket for other matters for a good portion of the two weeks that would now be our extended reply period). This would put Plaintiffs' responses due on **March 23th**, and our clients' replies due on **April 6th**. Please let us know if you are amenable to this compromise. **Chris, thank you for your agreement to grant Plaintiffs a one week extension. We agree that Defendants may have a one week extension. We will likely seek an additional week from the Court and will note your objection.**

As we discussed with Jim, with respect to the confidentiality order, the problem is that our clients do not have in-house counsel, and your proposal is not actually a compromise. Plaintiffs' overuse of the AEO designation will significantly prejudice us because we will not be able to share any AEO information with our client. At the same time, there will be little, if any, impact on Plaintiffs – you will be able to share AEO information with your client representative, Aon's in-house counsel. Plaintiffs therefore have every incentive to utilize the AEO designation liberally (as has already been the case with the client list, and would cause more work for us to have to contend with such designations). Accordingly, we need the AEO designation to (1) exclude in-house counsel, or (2) permit us to designate one in-house person who can view the documents subject to the AEO restrictions. We are amenable to discussing a compromise that factors in these considerations. **Chris, we requested that one in-house counsel from Aon be permitted to review AEO documents because he is not part of the business unit at issue here, is an attorney, and because in-house counsel are commonly included as parties who may view AEO documents. It was never discussed, nor agreed, that "one in-house person" from Defendants would be permitted to view AEO documents, nor do we agree to same. Indeed, that was not included in your redlines to the Confidentiality Stipulation, and would completely defeat the purpose of an AEO designation. Because we need to get the Confidentiality Order submitted ASAP, we are fine submitting the Confidentiality Stipulation with the redlines you sent me on February 11, 2020 to the Court for endorsement. The only comment I have is that, with your redlines, footnote 1 should read "(b)-(h)," not "(b)-(g)." We, of course, cannot exchange source code until this gets entered. Please let me know ASAP if you would like to submit the Confidentiality Order or if you would like us to.**

Lastly, as for the client list issue, we understood that Jim agreed that the destruction of the Aon client lists was appropriate at the end of the litigation, and we are further investigating this point. Again, we reiterate our position that our clients need this information to comply with the consent order as well as for discovery, and there is simply no justification for its designation as AEO. Although we have discussed with your side at length, and thought we had come to an agreement, the pushback from your side on this nevertheless continues, which is costing our clients needless expense and significantly affecting our ability to efficiently respond to Plaintiffs' written discovery requests. This should be a minor issue - it is a list of large, mostly public companies (with which our clients are already familiar from their time at Aon), and we are merely attempting to fully resolve the issue to avoid any further disputes. Our clients should not have to endure burden, expense and delay simply to comply with the Consent Order and respond to discovery. For the time being, we will provide this list to our clients (as set forth in my previous email), and we will seek further Court intervention, if necessary, before the expiration of the Consent Order. **Chris, we do not consent to your clients having a copy of the AEO client list after the Consent Order expires. We understand you reserve your right to seek Court intervention before the expiration of the Consent Order if you wish for your clients to retain a copy. We also reserve all rights.**

Best,
Chris

**Christopher Lepore** | **Perkins Coie LLP**
ASSOCIATE
131 S. Dearborn Street Suite 1700
Chicago, IL 60603-5559
D. +1.312.324.8476
F. +1.312.324.9400
E. CLepore@perkinscoie.com

**From:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Sent:** Friday, March 6, 2020 9:49 AM
**To:** Lepore, Christopher (CHI) <CLepore@perkinscoie.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (CHI) <JBoji@perkinscoie.com>
**Subject:** RE: Aon v. IE, et al.

Hi, Chris,

Just following up on this. Were you able to consult with your clients regarding the motions to dismiss schedule?

Thank you,
Jessica

**Jessica Pizzutelli**
Shareholder
585.203.3403 direct, 585.957.4293 mobile, 585.486.1605 fax
JPizzutelli@littler.com

Preferred Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
375 Woodcliff Drive, Suite 2D, Fairport, NY 14450

**From:** Pizzutelli, Jessica
**Sent:** Thursday, March 5, 2020 1:05 PM
**To:** 'Lepore, Christopher (Perkins Coie)' <CLepore@perkinscoie.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (Perkins Coie) <JBoji@perkinscoie.com>; Kenneth J. Vanko <vanko@ccmlawyer.com>
**Subject:** RE: Aon v. IE, et al.

Chris,

Please see my responses below.

Ken,

I assume you have no objection to synching the document response and production date to March 20?

Thank you,
Jessica

**Jessica Pizzutelli**
Shareholder
585.203.3403 direct, 585.957.4293 mobile, 585.486.1605 fax
JPizzutelli@littler.com

Preferred Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
375 Woodcliff Drive, Suite 2D, Fairport, NY 14450

**From:** Lepore, Christopher (Perkins Coie) <CLepore@perkinscoie.com>
**Sent:** Thursday, March 5, 2020 8:15 AM
**To:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (Perkins Coie) <JBoji@perkinscoie.com>; Kenneth J. Vanko <vanko@ccmlawyer.com>
**Subject:** RE: Aon v. IE, et al.

Jessica,

I have addressed each outstanding point among us below.

- **Confidentiality Order**: We still have not received comments to our edits to the Confidentiality Order, which we sent on 2/11. We will need a finalized confidentiality order in place before the exchange of source code. If you have no further comments, please let us know. The only issue with your edits to the Confidentiality Order is that in-house counsel cannot see documents designated Attorney-Eyes Only. We would like to be able to discuss with one person who is in-house counsel who is not involved in the equity services business. Is this compromise position acceptable?
- **Written Discovery Deadline**: We will agree to exchange written discovery on March 20th. Thank you.
- **Motion to Dismiss Extension:** We will need to consult our client on your proposal. Thank you, we appreciate the anticipated professional courtesy.
- **Source Code Protocol:** I did not say I would be drafting an alternative source code. I suggested that the parties meet and confer on the issue to ensure our collective approach reflected best practices. After consulting with our client, we are fine with a simple exchange subject to the AEO provisions of the confidentiality order (if that is fine with your client). Ok.
- **Confidentiality Designation of Client Lists**: On the call with the magistrate, our understanding was that Jim agreed to allow the Consent Defendants to destroy the client lists at the end of the litigation (subject to the limitations set forth in my prior email) so the parties would not need to revisit this issue during discovery following the preliminary injunction hearing. Please let me know if we need to confer further on this issue. That is not our recollection. It is our position that the Consent Defendants should return the list once the protections of the Consent Order expire. If you disagree, we need to confer further on this issue.

Best,
Chris

**Christopher Lepore** | **Perkins Coie LLP**
ASSOCIATE
131 S. Dearborn Street Suite 1700
Chicago, IL 60603-5559
D. +1.312.324.8476
F. +1.312.324.9400
E. CLepore@perkinscoie.com

**From:** Pizzutelli, Jessica <JPizzutelli@littler.com>
**Sent:** Wednesday, March 4, 2020 3:31 PM
**To:** Lepore, Christopher (CHI) <CLepore@perkinscoie.com>
**Cc:** Witz, James <JWitz@littler.com>; Boji, Jeannil D. (CHI) <JBoji@perkinscoie.com>; Kenneth J. Vanko

<vanko@ccmlawyer.com>
**Subject:** Aon v. IE, et al.

Chris,

We would like to seek an additional two weeks to respond to the motions that Consent Defendants filed on February 24. Please advise if you have any objection. This would make the new schedule:

Plaintiffs' opposition: March 30
Consent Defendants' reply: April 6

In addition, concerning discovery, we propose synching the written response deadline with the document production deadline of March 20 so that the parties will have had the benefit of reviewing the documents prior to providing written responses. Please let us know if you have any objection.

Last, please let us know your thoughts regarding the source code protocol. By my count, the parties are set to produce by Tuesday, March 10.

Thank you,
Jessica

**Jessica Pizzutelli**
Shareholder
585.203.3403 direct, 585.957.4293 mobile, 585.486.1605 fax
JPizzutelli@littler.com

Preferred Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
375 Woodcliff Drive, Suite 2D, Fairport, NY 14450

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.



Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.