IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AON PLC, AON GROUP, INC., and AON CONSULTING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INFINITE EQUITY, INC., TERRY ADAMSON, JON BURG, DANIEL COLEMAN, CHRISTOPHER DIDOMENICO, ELIZABETH STOUDT, and TYLER EVANS, <br><br> Defendants. | Case No. 1:19-cv-07504 |

**TERRY ADAMSON'S MEMORANDUM IN SUPPORT OF INFINITE EQUITY'S MOTION FOR PROTECTIVE ORDER**

On July 5, the Infinite Equity defendants filed a two-part motion, one to compel certain discovery from Aon and one seeking protection over a deposition Aon now seeks from Terry Adamson. (Docs. 151, 152). On behalf of Adamson, we discuss why the Court should grant protection from more depositions related to the injunction proceeding.

Adamson is "not a party" to Aon's request for temporary and preliminary injunctive relief. (Doc. 24, at p. 1 n. 1). He is not affiliated with Infinite Equity and works in a non-competitive role with BDO in its Specialized Tax Services Practice. (Doc. 28, at p. 2). None of this is news to Aon. In late 2018, Aon had several discussions with Adamson about a termination of his employment. Indeed, Aon even documented "details

1

regarding your transition from the Company" in a letter dated December 21, 2018. Eventually, Adamson signed a Confidential Separation Agreement and General Release and performed no work in Aon's office past February 8, 2019. (Doc. 28). In its First Amended Complaint, Aon avoids discussing this background. That is, Aon never said that it wanted Adamson gone from its equity services group and never mentioned the relevant period over which his "transition" out of Aon took place.

Suddenly gone, it should shock no one that Adamson explored what he'd do next for work. According to Aon's pleading, Adamson committed a host of wrongs by discussing the possibility of competing and joining a company that became Infinite Equity. Adamson has moved to dismiss and argued that preliminary stage discussions about the possibility of working in the same industry, even with co-workers, is not at all improper. (Docs. 108, 109).

As the Court can infer from the First Amended Complaint, Adamson is not, and was not, bound by any sort of post-employment covenant that barred him from competing with Aon. Nor does Aon contend that Adamson has (i) has solicited any Aon clients for competitive work at Infinite Equity, or (ii) misappropriated any Aon trade secrets.

Adamson has had almost no discussions or communications with Aon in months. And we have not spoken to Aon at all about Adamson's deposition. Until receiving a notice of deposition on July 1, Aon has not told us that Adamson was a contemplated witness in the preliminary injunction proceedings. Nor has Aon ever served Adamson with any of the discovery answers or documents that Infinite Equity discusses in its motion to compel.

2

With that added background, Infinite Equity is right that the Court should enter a protective order over Adamson's deposition during expedited discovery. This is so for three reasons.

**Irreparable Injury**

*First*, Adamson is irrelevant to the issue of irreparable injury. This is a threshold showing that Aon must make to obtain an injunction. *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (holding plaintiff must show that irreparable injury is "likely" in the absence of an injunction); *see also BRK Brands, Inc. v. Nest Labs, Inc.*, 28 F. Supp. 3d 765, 770 (N.D. Ill. 2014) ("without irreparable harm there's no reason to award the plaintiff any relief before the merits of his claim are determined after a full litigation culminating in a final judgment.").

Aon does not allege that Adamson is involved in any way with Infinite Equity, has solicited Aon clients for Infinite Equity's benefit, or has any information about Infinite Equity's use of *MyPerformanceAwards*. To be sure, Adamson can add nothing to the factual presentation Aon must make about its ability (or inability) to show irreparable injury.

Rather, the allegations involving Adamson revolve around his apparent discussions with other defendants about establishing another equity services business, which Illinois law allows. Taking Aon at its word, this planning talks took place in late 2018 and early 2019. This hardly translates into some knowledge Adamson may have about the current, ongoing competition that the Court evaluates at a preliminary injunction hearing. Even worse, Aon knows that its current practice group leader, Daniel Kapinos,

3

also discussed leaving Aon at the same time Adamson was being shown the door. So if Aon somehow believes these long-in-the-tooth, innocuous preliminary discussions are relevant to current competition, Kapinos can testify about this. After all, he verified the First Amended Complaint. (Doc. 106).

If Aon can get past Adamson's Rule 12(b)(6) motion, then (narrow) discovery about what occurred in 2018 and the first month or so of 2019 may be appropriate before a trial. For now though, those topics add nothing to what Aon seeks: an injunction against Infinite Equity to prevent competition that is now taking place.

**Discovery Extension**

*Second*, Aon did not seem to need Adamson's deposition before it sought a discovery extension. On June 18, Aon moved to extend deadlines. (Doc. 136, at p. 3). According to Aon, its counsel and Infinite Equity "raised the issue of scheduling depositions" on June 4. (*Id.*) This filing is the first we'd heard of such a discussion. Adamson was not involved in any scheduling of depositions, and no one ever informed us that Aon wanted to depose Adamson.

Even at the June 23 motion hearing, Aon said

> And they have not offered up dates or engaged in that discussion regarding setting mutually convenient deposition dates, and it is clear getting even closer to the deadline that there's no way for us to conduct the agreed-upon discovery which was already argued before the Court in terms of fact depositions. ***We're not seeking to take more depositions. In fact, we've only noticed up six depositions***. They've noticed up seven depositions to take place before the hearing.

4

(Tr. of Proc. (6/23/20), at p. 5: 8-16) (emphasis added). The night before the Court's hearing, Aon sent to us six notices of deposition for these witnesses: Infinite Equity (under Rule 30(b)(6)), Coleman, Evans, Stoudt, Burg, and DiDomenico. Aon never mentioned Adamson. This correspondence was the first time we received some notice about *any* deposition scheduling. But even so, Adamson was not included either in one of the six notices or in the presentation Aon made the next morning before the Court in asking for more time.

On that score, the additionally colloquy before the Court, after its questioning of counsel about the schedule, shows that Aon discounted Adamson altogether

> And so in terms of the surprise of these depositions, **both sides know** who the deponents are. We are taking essentially **not every defendant** but the defendants, their expert ultimately, and that's really it. There's no third parties at issue here. ***There's been no surprise. We talked about who these deponents were going to be at the beginning of the case.***

(Tr. of Proc. (6/23/20), at p. 14: 18-24) (emphasis added). The reference to "both sides" means what it says: Aon and Infinite Equity. And Aon's acknowledgment that "not every defendant" would sit for a deposition is a plain reference to Adamson's absence, because he's the only defendant who wasn't the subject of the deposition notices Aon sent the night before.

It thus appears that Aon did not contemplate deposing Adamson at all when it sought more time to complete the depositions it noticed. If it did, Aon would have mentioned him. Then after obtaining a few more weeks, Aon waited until July 1 to advise us that it wanted, for the first time, to depose Adamson. According to Infinite

5

Equity's July 5 submission, Adamson later became somewhat of a bargaining chip. (Doc. 152, at p. 7). That is, Infinite Equity says Aon offered to drop Adamson altogether if Aon could strike a potential deponent from Infinite Equity's list. If that's true (again, we weren't part of any such talks), then Aon must not need Adamson at all for the preliminary injunction hearing.

**Cumulative Discovery**

*Third*, Aon's deposition strategy subjects Adamson to potentially cumulative discovery at disproportionate expense. To be clear, Aon and Infinite Equity are supposed to be engaged in *expedited* discovery. The very concept of having parties seek upwards of 15 to 20 depositions and full-blown expert discovery *before* a preliminary injunction is difficult to reconcile with the text of Rule 65, because Aon had to be ready to proceed on its request within 28 days of seeking a TRO. FED. R. CIV. P. 65(b)(2).

What's more, the parties have never held a Rule 26(f) planning conference, at least to our knowledge. They have not exchanged Mandatory Initial Discovery answers or Rule 26(a)(1) disclosures. No doubt, Aon will want to depose Adamson again later once the dust clears and the preliminary injunction proceedings conclude. Allowing Aon to depose Adamson now in a hearing that doesn't even concern him will compound the attorneys' fees Adamson must incur.

*** 

For these reasons, Terry Adamson supports the Rule 26(c) motion for protective order Infinite Equity has filed.

        Respectfully submitted,

        TERRY ADAMSON

        By: */s/Kenneth J. Vanko*
        One of His Attorneys

Kenneth J. Vanko (ARDC #6244048)
Clingen Callow & McLean, LLC
2300 Cabot Dr., Ste. 500
Lisle, Illinois 60532
630-871-2609
vanko@ccmlawyer.com