**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| AON PLC, AON GROUP, INC., and AON CONSULTING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INFINITE EQUITY, INC., TERRY ADAMSON, JON BURG, DANIEL COLEMAN, CHRISTOPHER DIDOMENICO, ELIZABETH STOUDT, and TYLER EVANS,<br><br>Defendants. | No. 1:19-cv-07504<br><br>Hon. John F. Kness<br><br>Hon. Sunil R. Harjani |

**DEFENDANTS INFINITE EQUITY, INC., JON BURG, DANIEL COLEMAN, ELIZABETH STOUDT, CHRISTOPHER DIDOMENICO AND TYLER EVANS' MOTION TO STRIKE THE DECLARATIONS OF RONALD S. SCHNELL, DANIEL KAPINOS, AND PAUL GOINGS**

Defendants Infinite Equity, Inc. ("Infinite Equity"), Jon Burg, Daniel Coleman, Elizabeth Stoudt, Christopher DiDomenico, and Tyler Evans (collectively, "Defendants") move for an order striking the following declarations Aon attached to its initial brief and reply in support of its motion for a preliminary injunction:

- The Declaration of Ronald S. Schnell (Dkt. 177-3, the "Schnell Motion Declaration"), as well as the exhibit attached thereto;
- The Declaration of Daniel Kapinos (Dkt. 177-2, the "Kapinos Motion Declaration"), as well as the exhibits attached thereto;
- The Declaration of Ronald S. Schnell (Dkt. 210-4, the "Schnell Reply Declaration"), as well as the exhibits attached thereto;
- The Declaration of Daniel Kapinos (Dkt. 210-1, the "Kapinos Reply Declaration"), as well as the exhibits attached thereto; and
- The Declaration of Paul Goings (Dkt. 210-5, the "Goings Reply Declaration"), all offered in support of Aon's motion for a preliminary injunction (Dkt. Nos., 176-177, 210).

The bases for Defendants' request are set forth below and in the Memorandum in Support ("Supporting Memorandum") filed concurrently herewith and incorporated herein by reference.

To prop up its spurious motion for a preliminary injunction, Aon attempts to create an entirely new, self-serving record by submitting the five above-mentioned declarations in support of its initial brief and reply. But the declarations are improper, and the Court should strike them for the following reasons:

- **First**, in the Schnell Declarations, Aon offers belated expert opinion after the close of expedited expert discovery supported without explanation of methodology. Schnell's Declarations, *which, apart from improper argument outside the scope of his expert report, are entirely based on information within Schnell's possession since March*, consist of entirely new opinions (many of which are conclusory and unsupported) based on a brand-new comparison of *PeerTracker* and MyPerformanceAwards, none of which were cited in Schnell's expert report or deposition. Aon fails to provide any legitimate justification for submitting these declarations well after the Court's extended expert discovery deadline and Schnell's deposition. Defendants, of course, never had an opportunity to cross-examine Schnell about these opinions or otherwise critically probe them during discovery. Moreover, the Schnell Declarations provide no explanation whatsoever of methodology Schnell employed to reach his purported opinions. Courts have consistently recognized that such after-the-fact, bottom-line conclusions should be disregarded. This Court should strike the Schnell Declarations.
- **Second**, the Schnell Declarations, the Kapinos Declarations and the Goings Reply Declaration all contradict the deponent's prior sworn testimony. Specifically, nearly every substantive point in the Schnell Declarations is contradicted by his deposition testimony. Kapinos, Aon's 30(b)(6) witness on client-related topics, seeks to introduce evidence directly contradicting his deposition testimony, where he was completely clueless about such issues, claiming he did not know what makes a company an "Aon client" for the purposes of the outrageous list of 700-plus companies from which Aon seeks to prevent Defendants from working; that he did not know when client relationships began or whether they still exist; and that he did not know if Aon even maintains an accurate list of existing clients. For his part, Goings now attempts to portray aspects of MyPerformanceAwards as identical to *PeerTracker*, when he said otherwise at his deposition. The Seventh Circuit has been highly critical of efforts to patch up a deponent's testimony with a subsequent declaration, and when a declaration and deposition testimony are in conflict, the declaration should be disregarded. This Court should disregard the Aon Declarations.
- **Lastly**, the Schnell Reply Declaration, the Goings Reply Declaration and the Kapinos Reply Declaration ("Reply Declarations") all improperly proffer facts, evidence, and arguments for the first time on reply. Schnell asserts new facts responding to arguments made in Defendants' brief (and outside the scope of his Report); attempts to advance the new opinions offered in the Schnell Motion Declaration; and attempts to resuscitate his debunked methodology for measuring coder productivity he invented out of whole cloth. Kapinos, for the first time, provides a run-down of employee departures after Defendant Terry Adamson left; claims the Equity Services Group bills clients in fixed-fee or flat-fee arrangements (despite producing countless documents to the contrary); and asserts the valuation simulations Aon shares with clients do not contain proprietary macros or formulas (Kapinos said the opposite at his deposition). And the entire Goings Reply Declaration consists of new "facts" and arguments. A reply brief is for replying -- not sandbagging by introducing never-before-mentioned facts.

Courts routinely strike these late-stage additions. This Court should follow suit.

**WHEREFORE**, for these reasons and those set forth in the Supporting Memorandum, the Schnell Declarations, and their attached exhibits, must be stricken because they: (1) improperly disclose new opinions, and (2) offer conclusory opinions. *See City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (explaining that the Court may strike documents other than pleadings pursuant to Federal Rule of Civil Procedure 12(f) or the Court's inherent power to strike impermissible filings). The Schnell Declarations, the Kapinos Declarations and the Goings Declarations, along with all exhibits, also must be stricken because they contradict prior sworn testimony of each deponent. *See id.* And the Reply Declarations, along with all exhibits, must be stricken because they offer new facts and evidence, as well as speculative arguments and beliefs masquerading as facts. Defendants further request that the Court exclude Aon's reply brief in its entirety or all statements in Aon's motion for preliminary injunction that are dependent on the contents of these declarations. Alternatively, if the Court declines to grant this motion, Defendants request leave to file a sur-reply.

Dated: November 10, 2020

Respectfully Submitted,

**INFINITE EQUITY, INC., JON BURG, DANIEL COLEMAN, ELIZABETH STOUDT, CHRISTOPHER DIDOMENICO, AND TYLER EVANS**

By: /s/ Jeannil D. Boji
One of Its Attorneys

Jeannil D. Boji
Christopher R. Lepore
Daniel T. Burley
PERKINS COIE LLP
131 S. Dearborn; Suite 1700
Chicago, IL 60603
Tel: (312) 324-8400
Fax: (312) 324-9400
jboji@perkinscoie.com
clepore@perkinscoie.com
dburley@perkinscoie.com

**CERTIFICATE OF SERVICE**

I, Jeannil D. Boji, certify that on November 10, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may also access this filing through the Court's ECF system.

By: /s/ Jeannil D. Boji